982 So.2d 1208 (2008)
Jose ORTIZ and Madeline Ortiz, Appellants,
v.
PHOENICIA DEVELOPMENT, LLC., et al., Appellee.
No. 5D07-1841.
District Court of Appeal of Florida, Fifth District.
May 23, 2008.
Samuel M. Nelson and Lisa J. Geiger of Graham, Builder, Jones, Pratt & Marks, LLP, Winter Park, for Appellants.
Barry P. Burnette and Barry A. Dimick of Keedy & Burnette, P.A., Tavares, for Appellee.
TORPY, J.
Appellants challenge the final judgment that awarded to Appellee specific performance, damages and attorney's fees pertaining to a contract for sale and purchase of vacant land. We reject without discussion Appellants' arguments relating to the formation of the contract and its enforceability by specific performance. Therefore, we affirm that portion of the judgment. We *1209 do find merit in Appellants' arguments concerning damages and attorney's fees.
The trial court awarded to Appellee interest on lost projected profits from the purchase and resale of the land. The profits themselves were not awarded, and Appellee concedes that they were not compensable, given Appellee's election to seek specific performance. We agree with Appellants that these interest damages were not compensable either; these damages were not incidental damages in Appellee's specific performance action. See Kissman v. Panizzi, 891 So.2d 1147, 1149 (Fla. 4th DCA 2005) (damages flowing from grant of specific performance limited to those that return parties to status quo at time of breach).
Finally, we address briefly the issue of attorney's fees. The contractual provision only authorizes attorney's fees in the event of an arbitration proceeding. There was no arbitration proceeding here, so the award of fees was error.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
MONACO and LAWSON, JJ., concur.